[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 99-2355

KEVIN C. BROWN,

Plaintiff, Appellant,

v.

KENNETH S. APFEL, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

---

Kelly McKenna Cournoyer and Green and Greenberg on brief for appellant.

Margaret E. Curran, United States Attorney, and Robert M. Peckrill, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

September 28, 2000

**Per Curiam**. Kevin C. Brown appeals from a district court opinion upholding the Commissioner's denial of social security disability insurance benefits. Upon careful review of the briefs and record, we affirm essentially for the reasons stated in the district court's opinion. We add only the following comments to address claimant's contention that the Administrative Law Judge ("ALJ") violated the regulations regarding the weighting of evidence.

As an initial matter, claimant's suggestion that the opinions of Dr. Earley, Dr. Ruggiano, and Dr. Stern are entitled to controlling weight is frivolous. Of these three sources, only Dr. Earley (claimant's primary care physician) is a treating source.[1] Dr. Earley's statement that claimant is "psychologically incapacitated for work" is conclusory and conflicts with other evidence in the record. More importantly, the statement is an opinion on an issue reserved for the Commissioner. See 20 C.F.R. § 404.1527(e). Under the circumstances, the ALJ was entitled to reject it.

---

[1]The ALJ found that claimant never actually engaged in treatment with Dr. Ruggiano, and this finding is supported by the record. Dr. Stern was clearly just an examining source.

2

Moreover, the ALJ accepted the opinion of claimant's examining sources that he has a severe personality disorder separate and apart from his alcoholism. The question as to whether this disorder meets or equals any Listing is an issue reserved to the Commissioner.[2] Id. Similarly, claimant's mental residual functional capacity is an issue reserved to the Commissioner. Id. On these latter issues, the regulations specifically provide that the Commissioner will not give any special significance to the source of the opinion. Id. Thus, in reaching his conclusion as to claimant's residual limitations stemming from his personality disorder, the ALJ was not required to give any special weight to the examining sources' opinions.

Affirmed.

_____

[2]And, in any event, Dr. Ruggiano's testimony (in which he orally completed a Psychiatric Review Technique Form) is fully consistent with the ALJ's implicit finding that claimant's personality disorder is not of Listing severity. Specifically, the functional limitations stated by Dr. Ruggiano--slight restriction of activities of daily living; moderate difficulties in maintaining social functioning; often suffering from deficiencies of concentration, persistence or pace; and repeated episodes of deterioration or decompensation in work or work-like settings--satisfy only one out of the four Paragraph B criteria. See 20 C.F.R. Pt. 404, Subp't P, App. 1, § 12.08(B)(1)-(4). To satisfy the Listing for 12.08, at least three of the Paragraph B criteria must be met. Id.